IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Stephanie Williams,<br><br>   Plaintiff,<br><br>vs.<br><br>United Cerebral Palsy of Georgia, Inc.; and<br>United Cerebral Palsy of South Carolina, Inc.,<br><br>   Defendants. | C/A No. 3:13-cv-02779-JFA<br><br><br>**ORDER** |

  This matter comes before the court on the defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 5. Stephanie Williams ("Plaintiff") has sued United Cerebral Palsy of Georgia, Inc., and United Cerebral Palsy of South Carolina, Inc. ("Defendants"), alleging breach of contract, and violations of the South Carolina Payment of Wages Act ("Wage Payment Act"), S.C. Code Ann. § 41–10–10 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* For reasons set forth below, the court grants the motion.

## I. FACTUAL AND PROCEDURAL HISTORY

  Defendants hired Plaintiff as a full-time employee in 2008, according to the complaint. Because of an abuse and neglect complaint in the fall of 2010, Defendants placed Plaintiff on administrative leave while they conducted an investigation. The investigation, which lasted almost one year, revealed no abuse, and Defendants asked Plaintiff to return to work on or around September 27, 2011. When Plaintiff returned, a director for Defendants promised Plaintiff that she would be paid for the time she was on leave, and Plaintiff retroactively filled out a number of time sheets at Defendants' request. However, Defendants never honored that promise. As a result, Plaintiff sued.

In her complaint, Plaintiff contends that Defendants breached the oral contract created after her return to work. Plaintiff also asserts that Defendants' failure to pay Plaintiff for her time on administrative leave violated the Wage Payment Act and the FLSA. In response, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 16, 2014, the court heard oral arguments on the motion.

## II.     LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to a plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that only offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, a plaintiff must assert claims that cross "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation omitted).

In deciding whether a complaint will survive a motion to dismiss, this court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705

(4th Cir. 2007); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no authenticity challenge).  However, the court cannot go beyond these documents on a Rule 12(b)(6) motion; if it does, it converts the motion into one for summary judgment.  Fed. R. Civ. P. 12(b), 12(d), 56.  Such conversion is not appropriate when the parties have not had an opportunity for reasonable discovery.  *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985).

### III.    ANALYSIS

Plaintiff alleges breach of contract, as well as violations of the Wage Payment Act and the FLSA.  The court addresses those claims in turn.

#### A.    Breach of Contract

To prevail on her breach of contract claim, Plaintiff bears the burden of establishing the existence and terms of the contract, Defendants' breach of a contractual term, and damages resulting from the breach.  *See Fuller v. Eastern Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962).  Thus, an action for damages for breach of contract turns on the existence of a contract.  *Tidewater Supply Co. v. Indus. Elec. Co.*, 171 S.E.2d 607, 608 (S.C. 1969).  The essential elements of a contract are an offer, an acceptance, and valuable consideration.  *Carolina Amusement Co. v. Conn. Nat'l Life Ins. Co.*, 437 S.E.2d 122, 125 (S.C. App. 1993).  Valuable consideration "may consist either in some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss of responsibility given, suffered, or undertaken by the other."  *Furman Univ. v. Waller, et al.*, 117 S.E. 356 (S.C. 1923) (internal citation and quotation marks omitted).

Here, Plaintiff does not allege that Defendants breached the initial employment contract or a modification of the initial employment contract. Instead, Plaintiff argues that Defendants breached a new contract when they failed to honor the promise made by Defendants' director upon Plaintiff's return to work. However, to sue for breach, Plaintiff must show an enforceable contract, which requires an offer, acceptance, and valuable consideration. In her complaint, Plaintiff submits that Defendants made a promise to pay, but she does not allege any facts supporting consideration on her part. Plaintiff argues that filling out a number of time sheets retroactively for the period when she was on leave amounts to consideration. This court disagrees. Because Plaintiff has not made any factual allegations in support of consideration, which could convert Defendants' gratuitous promise into an enforceable contract, her claim fails.

B.     **Wage Payment Act**

The Wage Payment Act requires an employer to pay all wages due in a timely manner. S.C. Code Ann. § 41–10–40. The statute provides the court with the discretion to award treble damages, attorney's fees, as well as costs. *Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E.2d 773, 781 (S.C. 2010).

Under the Wage Payment Act, wages are "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on . . . other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract. . . . " S.C. Code Ann. § 41–10–10(2). Here, Plaintiff does not contend that she is owed wages either for labor rendered, or for a type of leave—vacation, holiday, and sick leave—enumerated in the statute. As with the breach of contract claim, Plaintiff also does not appear to connect

this claim with the initial employment contract. Instead, Plaintiff submits that Defendants violated the statute by failing to provide compensation for a time when she was not working and was on administrative leave, which falls outside the scope of the Wage Payment Act.

### C.     FLSA

Under the FLSA, an employer must pay all employees the minimum wage and must pay all nonexempt employees overtime for all hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 206–207.

In her complaint, Plaintiff does not allege that Defendants owe her minimum wage for the time that she did work, nor does Plaintiff assert that she is due any overtime pay for time worked in excess of 40 hours in a workweek. Instead, the complaint makes only conclusory assertions, with no factual support. As a result, the FLSA claim fails.

### D.     Leave to Amend

In her opposition to Defendants' motion to dismiss, Plaintiff seeks this court's leave to amend her complaint under Rule 15 of the Federal Rules of Civil Procedure.

The Fourth Circuit Court of Appeals has stated that a court should consider granting a plaintiff leave to amend if the court dismisses a complaint based on Rule 12(b)(6). *See Ostrzenski*, 177 F.3d at 252–53. "Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim." *Id.* at 253. "The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually

can state a claim." *Id.* Bound by Fourth Circuit precedent, this court grants Plaintiff leave to amend her complaint.

## IV.  CONCLUSION

For the foregoing reasons, the court hereby grants Defendants' motion and dismisses Plaintiff's complaint without prejudice. Should Plaintiff amend her complaint, she must file it within 21 days of the date of this order.

IT IS SO ORDERED.

January 16, 2014,  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge